```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**THE ARLINGTON BANK,**

      **Plaintiff,**

  vs.                              **Civil Action 2:10-CV-293**
                                     **Judge Smith**
                                     **Magistrate Judge King**

**BEE, INC.,** *et al.*,

      **Defendants.**

## ORDER

On April 7, 2010, Mark Berman filed a motion for leave to proceed *in forma pauperis,* Doc. No. 1, seeking to remove to this Court a civil foreclosure action pending against him and a corporate defendant in the Ohio Court of Appeals for the Tenth District. Doc. No. 1. This matter is now before the Court on plaintiff's *Motion to Remand*, Doc. No. 4. Because the *Motion to Remand* does not contain an insufficient defense or any "redundant, immaterial, impertinent, or scandalous matter," *see* Fed. R. Civ. P. 12(f), Mr. Berman's *Motion to Strike* the *Motion to Remand*, Doc. No. 8, is **DENIED**.

It appears from the documents submitted by Mr. Berman, Doc. No. 1, *State Court Record*, that a civil action alleging breach of contract and seeking foreclosure was originally filed against Mr. Berman and Bee, Inc., in the Franklin County Court of Common Pleas in 2009. That court entered a default judgment and decree in foreclosure, *id.*, at 48 – 52, from which Mr. Berman filed a notice of appeal on January 15, 2010. *Id.*, at 61 – 62. Mr. Berman also filed an original complaint for writ of prohibition and mandamus in the state court of appeals. *Id.*, at 98 – 113.

Mr. Berman contends that this is a civil action properly removed to this Court pursuant to 28 U.S.C. §1441(b)

> in that it arises under federal question
> jurisdiction, under the Fifth and Fourteenth
> Amendments of the Constitution, the right of due
> process, right to be heard, bank and wire fraud,
> and fair and impartial trial of merits.
> Furthermore the Plaintiff is a Federally chartered
> bank and substantive violations of Rule under TILA
> and Federal Banking Statutes will be involved in
> a trial of issues when this matter is tried in a
> Federal jurisdiction court.

*Id., Notice of Removal*, at 2 - 3.

A civil action founded on a claim arising under the Constitution or laws of the United States may be removed by a defendant. 28 U.S.C. §1441(b). A case arises under federal law, however, only if a federal question appears on the face of the well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 - 92 (1987); *Louisville & Nashville RR Co. v. Mottley,* 211 U.S. 149, 152 (1908). The plaintiff is the "master to decide what law [it] will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913).

The complaint originally filed in the Franklin County Court of Common Pleas, fairly read, invokes only claims under state law. Nowhere does the complaint refer to 42 U.S.C. §1983 or to any other federal statute. The fact that a defendant believes that he may have available to him a defense based on federal law cannot form a proper basis for removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

Because it appears that the action was not properly removed to this Court,[1] the *Motion to Remand*, Doc. No. 4, is **GRANTED.**

This action is hereby **ORDERED REMANDED** to the Ohio Court of Appeals for the Tenth District.

---

[1] It also appears that the *Notice of Removal* was untimely. See 28 U.S.C. § 1446(b).

                                              */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**